UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BENJAMIN MONTES,

    Plaintiff,                                        CASE # 6:21-cv-1319

v.

HARBORVIEW LLC, PELICAN LODGE
LLC and YTZHAK HARTZY

    Defendants.
_____/

**COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT & DEMAND FOR JURY TRIAL**

Plaintiff, BENJAMIN MONTES, by and through the undersigned counsel, herein sues the Defendants, HARBORVIEW LLC, PELICAN LODGE LLC, YTZHAK HARTZY pursuant to 29 U.S.C. Section 201 *et seq.* of the Fair Labor Standards Act and Florida's Minimum Wage Act and Article X, Section 24 of the Florida Constitution, and states as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, BENJAMIN MONTES, brings this action for violation of federal wage and hour laws pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201*, et seq.,* (the "FLSA"). Plaintiff alleges that he is entitled to unpaid overtime wages as required by 29 U.S.C. Section 207 and unpaid minimum wages

pursuant to 29 U.S.C. Section 207 and Florida's Minimum Wage Act and Article X, Section 24 of the Florida Constitution.

2. The FLSA is our nation's foremost wage law. The overtime requirements of the FLSA were meant to assure workers additional pay to compensate them for the burden of a work week beyond the hours fixed in the act. *See In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. N.Y. 2010). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. § 213.

3. Throughout Plaintiff's employment with the Defendants, his joint employers, he was required to work in excess of forty (40) hours per week and did so.

4. Pursuant to policy and scheme to avoid paying Plaintiff overtime premiums as mandated by the FLSA, Defendants failed to pay Plaintiff a premium for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

5. The Defendants should have, but did not, compensate Plaintiff for all overtime hours worked in excess of forty (40) hours per work week at rates of time and one half her regular rate of pay.

6. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or

persuasion. Plaintiff reserves all rights to plead in the alternative.

## PARTIES, JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. Section 1331, because this action involves a Federal Statute, 29 U.S.C. Section 201, et seq.

8. This Court has personal jurisdiction over the Defendants in this action because the Defendants operate substantial business in Brevard County, Florida and the damages at issue occurred in Brevard County, Florida.

9. Venue is proper to this Court pursuant to 28 U.S.C. Section 1391(b) since the acts complained of herein took place in this District.

10. At all times relevant to this action, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. Section 203(e)(1).

11. Defendant, PELICAN LODGE LLC, (Pelican) is a Florida Limited Liability Company with a principal address of 2215 NE 204TH ST, MIAMI, FL 33180. Defendant Pelican may be served through its registered agent SHIRI BEN YOSEF HARTZY at 2215 NE 204TH ST, MIAMI, FL 33180.

12. Defendant HARBORVIEW LLC (Harborview) is a Florida Limited Liability Company with a principal address of 2215 NE 204TH ST, MIAMI, FL 33180. Defendant Harborview may be served through its registered agent SHIRI BEN YOSEF HARTZY at 2215 NE 204TH ST, MIAMI, FL 33180.

13. Pelican owns and operates Pelican Lodge, a motel located at 5690 US-1, Grant-Valkaria, FL 32949.

14. Harborview owns and operates Harborview Motel, a motel located at 8800 US-1, Micco, FL 32976.

15. The authorized members of both limited liability companies, Pelican and Harborview are SHIRI BEN YOSEF HARTZY (Shiri Hartzy) and YTZHAK HARTZY, (Hartzy, collectively with Pelican and Harborview, Defendants).

16. Hartzy may be served at his home located at 2215 NE 204 ST, Miami, Florida 33180.

17. Hartzy, upon information and belief, is the managing member of both corporate Defendants, managed the day to day operations of both Pelican and Harborview and the related motels and upon information and belief, created the unlawful pay scheme complained of herein.

18. Defendants engage in interstate commerce under the definition of the FLSA and upon information and belief, individually and combined have annual gross revenues of more than $500,000.00 over the past three years and are subject to enterprise coverage under the FLSA.

19. Alternatively, Plaintiff was engaged in interstate commerce, sending mail interstate, checking in and out interstate travelers, answering and responding to phone calls from interstate travelers, and processing and accepting payments of

funds, including by credit card, across state lines.

20. At the direction of Hartzy, Pelican and Harborview commingled funds, shared policies, procedures, and pay practices such that they are essentially the alter-ego of each other, a single business enterprise and joint employers.

21. At all times material, Plaintiff performed work for Defendants jointly and was subject to a single set of company policies and procedures. Further, his work was directed by managers/officers who concurrently and simultaneously manage the businesses and directed his work.

22. Despite working at both motels and both companies throughout his employment and within each pay period, Plaintiff's entire semi-monthly payments of $600 were made indiscriminately by either Pelican or Harborview from the beginning of his employment until September 1, 2020. Only beginning on September 15, 2020 until the end of his employment, did Plaintiff receive payment from each individual company; $300 from Pelican and $300 from Harborview.

23. Defendant Hartzy directed and controlled the day to day work of Plaintiff, and is jointly responsible for the compensation plans and unlawful pay practices complained of herein.

24. Defendants ran their business as a single business enterprise, with Defendant Hartzy managing both locations and companies all from the same

office, and had a single set of business and employee policies and company procedures applicable to both companies and motels.

25. Thus, Defendants are employers as defined by the FLSA and are joint employers of the Plaintiff.

## FACTUAL BACKGROUND

26. Plaintiff was employed by the Defendants, jointly, as a Maintenance Man at both the Pelican Lodge and the Harborview Motel from approximately September 1, 2018 to January 4, 2021.

27. At the direction of Hartzy, Pelican and Harborview commingled funds, shared policies, procedures, and pay practices such that they are essentially the alter-ego of each other, a single business enterprise and joint employers.

28. Plaintiff's primary duties were to repair things around the motels, perform landscaping work, maintain a sufficient amount of chlorine in the wells on a daily basis, check guests in and out, clean and maintain rooms and buildings after each check out, respond to issues with guests and property, and man the check in desk/office at both the Pelican Lodge and the Harborview Motel.

29. Plaintiff performed his job duties at both the Pelican Lodge and Harborview Motel on a daily basis.

30. All of Plaintiff's job duties were routine and standardized, according to set procedures created by Defendants, or under the supervision of Defendants,

and specifically Isaac Hartzy.

31. Plaintiff was required to clear all non-standard issues related to the motels with Isaac Hartzy before taking any action.

32. Plaintiff did not fire employees or hire employees.

33. Plaintiff did not supervise two or more full time employees as contemplated by the FLSA and the executive exemption.

34. Plaintiff routinely worked hours in excess of 40 per week throughout his employment as a Maintenance Man.

35. Defendants paid Plaintiff on a salary basis, paying $1200 on the 1st and 15th of every month, regardless of the number of hours actually worked.

36. Plaintiff was scheduled to work seven days per week, eight hours per day, and did so.  Plaintiff was required to, and did so, spend four hours per day manning the check-in desk/office at the Pelican Lodge and four hours per day, everyday, doing the same at the Harborview Motel.

37. Additionally, Plaintiff was required to, and did so, respond to any issues at either motel and to check guests in and out of either motel, regardless of the time of day or night or which motel she was physically located at.

38. Defendants did not track and record the work hours of Plaintiff.

39. Despite regularly working in excess of 40 hours per week during his employment with Defendants, Plaintiff was not paid overtime compensation, either

half time or at one and one-half his regular rate of pay for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

40.	Upon information and belief, Defendants intentionally misclassified Plaintiff as an independent contractor and issued IRS Form 1099 to her for the work she performed.

41.	Defendants controlled the manner in which Plaintiff was to perform his work, Plaintiff did not have any opportunity for profit or loss depending on his managerial skill, Plaintiff made no investment in equipment or materials required for his work, Plaintiff's services rendered did not require special skills, and Defendants were Plaintiff's sole source of income during his employment with Defendants.

42.	The services performed by Plaintiff were essential, necessary and an integral part of the business conducted by Defendants.

43.	Defendants did not have reasonable grounds or a good faith basis under the FLSA to classify Plaintiff as exempt from overtime pay or to claim that Plaintiff's position fell within any of the exemptions to the overtime provisions of the FLSA.

44.	Plaintiff's job position was subject to the FLSA wage provisions.

**COUNT I**
**Failure to Pay Overtime Compensation in Violation of the FLSA**
**29 U.S.C. § 201, *et seq.***

45. Plaintiff adopts and re-alleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

46. Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. Section 203(e)(1).

47. The Defendants are Plaintiff's "employer" within the meaning of 29 U.S.C. Section 203(d).

48. The overtime wage provision set forth in FLSA Section 207 applies to Defendants as it has engaged in commerce under the definition of the FLSA and has revenues of greater than $500,000 annually.

49. Throughout Plaintiff's employment as a Maintenance Man for Defendants, he was not paid overtime compensation (premiums) for the hours worked in excess of forty (40) per week.

50. Plaintiff did not exercise the requisite discretion, management, and independent judgment with respect to matters of significance to be classified as exempt under the FLSA.

51. Plaintiff did not have disciplinary authority or discretion, and was not involved in hiring and firing of employees.

52. Plaintiff's primary job duties did not require the exercise of independent discretion and judgment in matters of significance, as his primary job duties were to repair things around the motels, perform landscaping work,

maintain a sufficient amount of chlorine in the wells on a daily basis, check guests in and out, clean and maintain rooms and buildings after each check out, respond to issues with guests and property, and man the check in desk/office at both the Pelican Lodge and the Harborview Motel.

53. Plaintiff did not make decisions as an exempt administrator would, nor did he create any policy.

54. Plaintiff did not "manage" a department or manage other employees.

55. Defendants are aware, or should have been aware of the FLSA overtime rate calculations, its provisions and exemptions, and knows, or should have known, that withholding overtime wages from Plaintiff constituted a willful violation of the FLSA.

56. Defendants knew that since Plaintiff did not have decision making authority and discretion, and did not interview, hire, fire or have discretion to discipline employees that he was a non-exempt employee and should have been paid overtime wages.

57. Defendants have thus willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime wages to Plaintiff for all hours worked in excess of forty (40) per week.

58. During the relevant time period, Defendants required Plaintiff, an employee under the FLSA, to regularly work in excess of forty (40) hours in a

work week without payment of overtime. Defendants were aware Plaintiff was working over 40 hours routinely to perform his job duties.

59. Defendants knowingly and willingly failed to pay Plaintiff proper overtime wages at a rate of time and one half the regular rate of pay, or alternatively a half time premium of his regular rate of pay premium for all such hours, for the purposes of decreasing labor costs and maximizing profitability.

60. Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendants in some manner or form. If these records are unavailable, Plaintiff may establish the hours he worked solely by his testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

61. As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with Sections 207 and 216(b) of the FLSA.

62. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

**Count II**
**Unpaid Minimum Wages Under the Fair Labor Standards Act**

63. Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1-44 as if fully set forth herein.

64. Plaintiff was entitled to be paid the mandatory and applicable

minimum wage rate for all hours worked during his employment with Defendants.

65. Plaintiff worked an excessive number of hours each week such that his hourly rate was below that of the applicable Florida minimum wage rate.

66. Defendants were required to supplement the pay of Plaintiff whenever the compensation paid fell short of meeting the requirements of receiving minimum wages for all hours worked.

67. Defendants willfully refused to pay the full minimum wage for all hours worked up to 40 in a work week.

68. Defendants intentionally misclassified Plaintiff as an independent contractor whereas in reality he was an employee.

69. As a result of Defendants' intentional, willful and unlawful violations of the FLSA, Plaintiff has suffered damages for all unpaid minimum wages owed plus liquidated damages.

70. Defendants do not have a good faith basis for misclassifying Plaintiff as an independent contractor such that Plaintiff is entitled to liquidated damages.

**Count III**
**Unpaid Minimum Wages Under Article X Section 24 of the Florida Constitution and the Florida Minimum Wage Act F.S. 448.101 et seq.**

71. Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1-44 as if fully set forth herein.

72. Plaintiff was entitled to be paid the mandatory and applicable

minimum wage rate for all hours worked during his employment with Defendants.

73. Plaintiff worked an excessive number of hours each week such that her hourly rate was below that of the applicable Florida minimum wage rate.

74. Defendants were required to supplement the pay of Plaintiff whenever the compensation paid fell short of meeting the requirements of receiving minimum wages for all hours worked.

75. Defendants willfully refused to pay the full minimum wage for all hours worked up to 40 in a work week.

76. Defendants intentionally misclassified Plaintiff as an independent contractor whereas in reality she was an employee.

77. Plaintiff was a non-exempt employee.

78. Plaintiff was willfully underpaid by Defendants, and has been harmed by Defendants' unlawful pay practices and policies.

79. Defendants do not have a good faith basis for misclassifying Plaintiff as an independent contractor such that Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff, BENJAMIN MONTES, demands judgment against Defendants for unpaid overtime compensation and unpaid minimum wages in amounts to be determined at trial, and is entitled to recovery of such amounts, including liquidated damages, and payment of his incurred attorneys' fees and costs (pursuant to section 216 of the FLSA), and such other and further equitable

relief that the Court deems just and proper, including an ORDER directing the Defendants to amend their unlawful pay practices.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated August 13, 2021.

Respectfully submitted by,

*/s/Mitchell Feldman*.
Mitchell Feldman, Esq.
FB #0080349
**Feldman Legal Group**
6916 W. Linebaugh Ave #101
Tampa, FL 33625
mfeldman@flandgatrialattorneys.com
tel 813 639-9366, fax: 813 639-9376
*Attorney for Plaintiff*